IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harvie Lee Lance, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:23-cv-2436-BHH |
| v. ) | |
| ) | |
| Lynorr Musser, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Harvie Lee Lance's pro se ("Plaintiff") complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 17, 2023, Magistrate Judge Molly H. Cherry issued a proper form order, following which Plaintiff filed some, but not all, of the necessary forms to bring his case into proper form. Accordingly, on August 8, 2023, the Magistrate Judge issued a second proper form order, directing Plaintiff to provide certain documents and notifying him of certain pleading deficiencies. On August 17, 2023, Plaintiff filed an amended complaint and some, but not all, of the necessary proper form documents.

After reviewing the matters, the Magistrate Judge issued a report and recommendation ("Report") on September 26, 2023, outlining the issues and recommending that the Court summarily dismiss Plaintiff's amended complaint without further leave to amend and without issuance and service of process because (1) Defendant is entitled to prosecutorial immunity and (2) Plaintiff still has failed to bring his case into

proper form. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 15), and the Court summarily dismisses Plaintiff's amended complaint without prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 20, 2023
Charleston, South Carolina